## No. 9938.

## FIRST NATIONAL BANK OF CENTER, COLORADO *v.* NAVINS.

Decided December 5, 1921.

Action on promissory note.  Judgment for defendant.

*Affirmed.*

1.  BILLS AND NOTES—*Promissory Note—Fraud—Renewal.* The fact that a, defendant renews an original note, alleged to have been obtained by fraud, is a circumstance going to show that he affirmed the original contract and thereby waived his right to defend on account of the fraud; but he cannot be held to have waived his defense unless he renewed the note with intention to confirm the contract and abandon his right to avail himself of the defense of fraud.

2.  APPEAL AND ERROR—*Inconsistent Instructions.* A party cannot as-

sign as error an inconsistency in the charge which was produced by the giving of an instruction which he requested.

*Error to the County Court of Rio Grande County, Hon. James W. White, Judge.*

Mr. JAMES P. VEERKAMP, Messrs. BARTELS & BLOOD, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by the payee against the maker of a promissory note. The defendant answered, in substance, that the note was given in renewal of a former note, and that such previous instrument was procured by the fraud of plaintiff's agent, acting in conjunction with others. A trial to a jury resulted in a verdict for defendant. The plaintiff brings the cause here for review.

Error is assigned to the trial court's giving to the jury defendant's requested instruction No. 1. That instruction reads as follows:

"You are further instructed that the fact that the defendant renewed the original note is a circumstance going to show that he affirmed the original contract and thereby waived his right to defend on account of fraud, but he cannot be held to have waived his defense, unless he renewed the note with the intention to confirm the contract and to abandon his right to avail himself of the defense of fraud."

The instruction is correct, as an abstract proposition of law. In 20 Cyc. 93, it is said:

"Acts done in affirmance of the contract can amount to a waiver of the fraud only where they are done with full knowledge of the fraud and of all material facts, and with the intention clearly manifested of abiding by the contract and waiving all right to recover for the deception."

The above is quoted in *Ponder v. Altura Co.*, 57 Colo. 519, 529, 143 Pac. 570.

The instruction is assailed, however, as inappropriate

under the evidence, and upon the theory that the evidence in this case is such that as a matter of law it must be held that the defendant in giving the renewal note, did intend to waive the fraud.

It is fairly shown by the plaintiff in error that the defendant gave the renewal note with knowledge of the fraud by which the original note was procured. If this was all the evidence relevant to the matter, the instruction might be unnecessary, and the plaintiff might prevail under the general rule that the defense of fraud is cured by renewal, mentioned in 8 C. J. 444. There is evidence, however, warranting the instruction. As to the circumstances surrounding the making of the renewal note, the plaintiff's agent testified, among other things, as follows:

"I told him (the defendant maker) the note would have to be renewed or we would sue on it. He renewed the note."

Concerning the same occasion, and transaction, the defendant testified as follows:

"When he wanted me to renew it. * * * I could hardly stand up in the room; I was affected with a stroke of paralysis, and hardly able to get around and I did tell him at this time if I was able to go to court I would not renew this note but at present owing to my condition I would renew it by him adding the interest to the principal, but I wouldn't pay any money on it whatever and I would never renew it again and I would never pay it. I objected to paying it and told him I never would. * * * I just renewed it for the purpose of getting so I could go to court, get my health."

This evidence shows an intention not to waive the fraud, and was sufficient to warrant the submission to the jury of the question of waiver, and to support the verdict in favor of defendant.

The plaintiff in error further assails the instruction above mentioned on the ground that it is in conflict with Instruction No. 2, requested by plaintiff and given by the court, to the effect that if defendant gave the renewal note

with knowledge of the fraud, "then in law he is presumed to have waived said fraud, confirmed and condoned it." It may be assumed that this instruction is correct as far as it goes. It makes no mention of the element of intent to waive fraud, and is not in conflict with the instruction that does. However, if there is a conflict, the error of giving conflicting instructions is not one of which the plaintiff in error can complain, since he invited the error. In 4 C. J. 708, sec. 2619, it is stated in the text:

"A party cannot assign as error an inconsistency in the charge which was produced by the giving of an instruction which he requested."

It is next contended that the defendant failed to prove any actionable fraudulent representations, in that the statements made by the persons charged with fraud are "either matters of opinion, statements of events to transpire in the future, or statements as to value." We find sufficient evidence of representations which constitute fraud, under the circumstances in which they were made, to support the verdict. The record shows no reversible error.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.