No. 11,033.

GRAHAM-JONES MOTOR CO., ET AL. *v.* NUTTER.

Decided March 2, 1925.   Rehearing denied April 6, 1925.

Action for damages for fraud in the sale of an automobile.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. FRAUD—*Misrepresentations—Promise.* In an action for damages for fraudulent misrepresentations, the contention of defendants that a verdict should have been directed in their favor on the ground that a mere promise is not actionable, overruled, it appearing that the action was based on other representations than the promise alleged to have been made.

2. WAIVER—*Intent.* Waiver is a matter of intention.

3. FRAUD—*Waiver.* In an action for damages for fraud in the sale of an automobile, it is held under the facts disclosed, that plaintiff did not waive the fraud by giving renewal notes for the balance of the purchase price, after discovering the fraud.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. ELLIS, ROBINSON & SARCHET, Mr. JAMES E. GARRIGUES, for plaintiffs in error.

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover in damages for fraud alleged to have been practiced by defendants in inducing plaintiff to purchase an automobile. There was a verdict and judgment for plaintiff. The defendants who sued out this writ apply for a supersedeas.

The plaintiffs in error, defendants below, contend that the court should have directed a verdict for defendants upon the ground that plaintiff's evidence shows that she made the purchase in reliance only upon defendants' promise to give plaintiff another automobile in exchange for the one she purchased in case it is not satisfactory. This contention is made in reliance on the rule to the effect that a mere promise is not actionable. See *Hart v. Zaitz,* 72 Colo. 315, 211 Pac. 391; *Baker v. Allen,* 68 Colo. 59, 189 Pac. 4. The record shows that plaintiff bases her action upon other representations. The complaint alleges, and she testified, that defendants represented the automobile to be a new car and a 1921 model, whereas it was a used machine and a 1920 model. It follows that the contention above mentioned is not well founded.

The principal contention of plaintiffs in error is that the court should have sustained their motion for a directed verdict because, as they claim, plaintiff's own evidence shows conclusively that she waived the fraud. With full knowledge of the fraud, she executed renewal notes. In many cases such a situation has resulted in a holding that fraud had been waived. 8 C. J. 444. In other cases the contrary result was reached. See *Texas Harvester Co. v. Wilson-Whaley Co.* (Tex. Civ. App.), 210 S. W. 574, 580. In *First National Bank of Center v. Navins,* 70 Colo. 491, 202 Pac. 702, we held there was an intention not to waive the fraud, or evidence of an intention not to waive it, where a party giving renewal notes did so because his health was not good and he could not go to court to defend an action on the original note. In 27 C. J. 22, it is said: "It is * * * difficult and perhaps hazardous to formulate or to apply general rules as to what will constitute * * * a waiver, and each case in which the question arises must be

considered and disposed of upon its own special facts, the underlying question being one of intent." Waiver is a matter of intention. *Divine v. George,* 72 Colo. 17, 209 Pac. 507.

The plaintiff purchased the car on October 8, 1921. In payment therefor she turned in an old car and gave defendants twelve promissory notes in the sum of $100 each. One note fell due each month. After she paid five of these notes, she arranged with the defendants to substitute fourteen notes for $50 each in place of the remaining seven $100 notes. That fact may be evidence of waiver, but is not conclusive. This last transaction did not occur until after plaintiff, according to her testimony, tried to get the defendants to fulfil their promise to exchange the purchased car for another. She explains giving the new notes as follows: "After I saw they were not going to do anything about squaring up this deal I felt the only thing I could do was to pay out on it, and I did not feel like paying $100 a month."

No other evidence was introduced relevant to the question of waiver. Plaintiff's evidence is that she gave the new notes because she thought that was "the only thing" she "could do." That does not seem to show, much less express, an intention to waive the fraud. In our opinion, the court did not err in refusing to hold, that, as a matter of law, the evidence establishes waiver. There was no error in refusing to direct a verdict for defendants.

The application for supersedeas is denied and the judgment affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD (sitting for MR. JUSTICE CAMPBELL) concur.