**AL PARKER SECURITIES CO. et al. v.
OWEN. (No. 856—4840.)***

Commission of Appeals of Texas, Section B.
Jan. 4, 1928.

1. **Vendor and purchaser** ⟐**37(1)—In suit for
rescission for vendor's fraud, defense that
purchaser should not have relied on vendor's
statements held untenable.**

In suit by a purchaser for rescission because of the vendor's fraudulent statements,
vendor's plea that the purchaser should not have
relied on the vendor's statements, but should
have made an effort to ascertain whether they
were true or false, *held* untenable, since one
cannot thus take advantage of his own wrong.

2. **Limitation of actions** ⟐**104(2)—Vendor's
assurance that original representations relative to land sold were true, constituted concealment of fraud, tolling statute of limitations until actual discovery.**

Vendor's assurance to purchaser that his
original representations relative to quality of
the land sold were true representations were
sufficient to toll the statute of limitations as to
purchaser's right of action for fraud until the
purchaser's actual discovery of the fraud; such
assurance constituting affirmative concealment
of fraud.

3. **Appeal and error** ⟐**878(1)—Supreme Court
would not consider defendant in error's complaint of rulings against him, where he had
not applied for writ of error.**

Supreme Court would not consider defendant in error's counter propositions complaining of rulings against him by Court of Civil Appeals, where he made no application for writ of
error, since Supreme Court has jurisdiction only
to review such questions as are presented by
assignments of error.

Error to Court of Civil Appeals of Fourth
Supreme Judicial District.

Suit by H. B. Owen against the Al Parker
Securities Company and others. A judgment
for defendants was reversed and remanded by
the Court of Civil Appeals (296 S. W. 620), and
defendants bring error. Affirmed.

Seabury, George & Taylor, of Brownsville,
for plaintiffs in error.

Graham & Graham, of Brownsville, for defendant in error.

SPEER, J. The writ of error was granted
herein to review the judgment of the Court
of Civil Appeals for the Fourth District,
wherein it reversed the judgment of the trial
court and remanded the cause for another
trial. 296 S. W. 620.

A statement of the case as made by Justice
Cobbs is as follows:

"Appellant sued appellees to cancel and rescind certain deeds of conveyance to the lands
in controversy and have title to the lands reinvested in A. F. Parker, one of the appellees
herein, and to cancel all outstanding obliga-

tions on all the deferred promissory notes, representing the balance due as the purchase price
of the land, except those held by innocent purchasers, and appellant to be charged with the
reasonable rental value of said lands during time
he had been in possession of same as an offset
against amounts with interest plaintiff had paid
on the purchase price and all amounts then unpaid on all notes in the hands of innocent holders and amounts plaintiff had paid in improvements including taxes and water charges paid
by him, and including salaries of employees and
traveling expenses, with interest; to have judgment rendered in favor of the plaintiff against
said defendants jointly and severally, or whichever one was shown to be indebted to plaintiff
in such balance, with interest; and to establish
an equitable lien on said land to secure payment
of same and to foreclose the lien.

"In the alternative, plaintiff sought recovery
in damages in the amount of $31,581, with 6 per
cent. interest per annum from 9th day of June,
1923.

"It is alleged:

"'That during April, 1923, the defendants Al
Parker Securities Company, A. F. Parker, L. R.
Beddoes, Frank R. Lucas, J. L. Parker, Mrs. L.
R. Beddoes, and Mrs. A. F. Parker, acting by
and through their agents, servants, and employees, or those of some one or more of them, induced the plaintiff to come from his home in
Mississippi to the Rio Grande Valley with the
view on the part of said defendants selling the
plaintiff a portion of a certain tract of land.
That the plaintiff, after reaching the valley, was
taken charge of by said defendants, or some one
or more of them, and shown over the valley, and
his attention called to the possibilities of growing citrus fruit and farm products then being
produced in said valley.' And that appellees
pointed out to appellant the lands in controversy, and represented that the same were as good,
if not the best, citrus fruit land that could be
found in the entire Rio Grande Valley and level,
and, if properly drained was exceptionally good
citrus fruit land, though at that time almost entirely covered by a thick growth of brush and
timber. That plaintiff himself was wholly ignorant of the kinds of land suitable for the
growth of citrus fruit.

"Relying upon the representations so made
to him, appellant purchased said land, and proceeded to improve the same and expend money
thereupon. Prior to June 12, 1924, plaintiff discovered there were 4 or 5 acres of the 105.27
acres too low for the growth of citrus fruit, and
called the same to appellees' attention, who
agreed to, and did, partially adjust the same, and
further represented to appellant and guaranteed
to him that that was all the low land on the tract,
and the balance was as represented, level and
highly adapted to the growth and production of
citrus fruit and other farm products, when
properly drained. But for these representations,
upon which he relied, plaintiff would not have
adjusted the controversy on said 4 or 5 acres.
During the summer or fall of 1925, he for the
first time learned that the entire tract of land
purchased from said defendants was in fact an
old lake bed, which constituted a basin that
holds water during wet seasons in such way and
to such an extent as to absolutely destroy the
value and usefulness of the said tract of land

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied February 1, 1928.

for the production and growth of citrus fruit and other farm products, such as are raised and produced in the Rio Grande Valley; all of which was well known to appellees, but not known to appellant, who for the first time made the discovery about October 1, 1925, and then elected, and thereupon attempted, to rescind the entire transaction, and offered to convey back to appellees all of said lands and improvements, and to account for the rental value of said lands, and demanded that appellees refund the money paid out as purchase price and the amount he had expended on improving the place, with 6 per cent. interest thereon. Appellees declining to do this or to otherwise adjust the controversy, appellant was compelled to file this suit.

"Juan Solis, Mateo Solis, G. L. Solis, A. H. Fernandez, and W. B. Clint, being merely innocent holders of the purchase-money notes, are made parties hereto, but no personal judgment is sought against them.

"The answer contained demurrers and exceptions, pleas, and alleged waiver on the part of the plaintiff to the relief sought, and plea of negligence, general denial, and especially pleading an alleged accord and satisfaction, an alleged compromise and settlement, and laches; also pleaded limitations and a denial of the representations alleged by plaintiff to have been made to him.

"Plaintiff took a nonsuit against Frank R. Lucas.

"The case was tried with a jury, and the trial proceeded until the 6th day of November, when plaintiff finished the introduction of testimony. Whereupon the defendants Al Parker Securities Company, A. F. Parker, Mrs. A. F. Parker, L. R. Beddoes, Mrs. L. R. Beddoes, J. L. Parker, and W. B. Clint moved the court to instruct the jury to return a verdict against the plaintiff in favor of said defendants, whereupon the court, over objections of plaintiff, so instructed the jury, and the jury returned their verdict accordingly, and the court thereupon entered his judgment in favor of said defendants and against the plaintiff."

The Court of Civil Appeals first made an order affirming the judgment, but, upon the motion for rehearing, that holding was set aside, and an order was entered reversing the judgment of the trial court and remanding the cause for another trial.

A number of assignments of error are presented, but they are all embraced within the contentions: First, that defendant in error was bound by his compromise and settlement of June 12, 1924, the contention being that defendant in error made such compromise and settlement after a full knowledge of all the facts, or at least of such facts as would, as matter of law, put a man of ordinary prudence upon inquiry, and that proper diligence would have resulted in a discovery of all the facts at the time of such compromise and settlement; and, second, that the summary instruction was properly given, because the defense of limitations was indisputably established for the same reasons.

The Court of Civil Appeals, upon reversing and remanding, did not set forth the evidence upon which it held the issues presented were properly for the jury. The record is voluminous, but we have examined the testimony so far as to convince us that that court was eminently correct in its conclusions, and no useful purpose could be subserved in setting out the particular testimony thus potent.

[1] The contentions of plaintiffs in error as embodied in the two propositions above stated cannot be sustained. They are contrary to principles of law abundantly supported by numerous decisions of our courts to the effect that, where one falsely represents to another a state of facts to exist, and that other relies upon such representations, the former will not in a subsequent suit, based upon such false representations, be allowed to plead that the person to whom they were made should not have relied upon them, but should have exercised diligence according to the knowledge possessed by him to ascertain their falsity. It is not in keeping with common honesty, and therefore not permitted by equity, for one to take advantage of his own wrong by declaring that another should not accept his solemn statements as being the truth. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Fahey v. Kaies (Tex. Civ. App.) 181 S. W. 782, writ refused; Peck v. Robinson (Tex. Civ. App.) 194 S. W. 456. writ refused; Sanders v. Hickman (Tex. Civ. App.) 235 S. W. 278; Brown v. Gray (Tex. Civ. App.) 256 S. W. 977; Freshwater v. Hoyt (Tex. Com. App.) 259 S. W. 923; Johnson v. Sugg (Tex. Com. App.) 291 S. W. 857.

[2] For precisely the same reasons it cannot be said that defendant in error's cause of action was barred by the statute of limitations, for his evidence, if accepted, abundantly shows that he did not actually discover the extent of the false representations, but that he was repeatedly reassured by plaintiffs in error that all the representations originally made by them, except as to the few acres involved in the settlement, were true. The effect of defendant in error's knowledge of falsity in part of the representations upon which he had relied was, at most, to put him upon inquiry. When inquiry is made of the highest source, and the inquirer is met with reassurance of the truth of the representations, the injured party is not to be charged with a failure to exercise diligence to ascertain the falsity of the assurances. Such assurance constitutes an affirmative concealment of the fraud, and prevents the running of the statutes of limitations. The cases immediately above cited are applicable in principle, but the following are even more in point: Texas Harvester, etc., Co. v. Wilson (Tex. Civ. App.) 210 S. W. 574, writ refused; Smith v. Blachley, 198 Pa. 173, 47 A. 985, 53 L. R. A. 849; Hall v. Railroad Co., 257 Pa. 54, 100 A. 1035, L. R. A. 1917F, 414; Graham Co. v. Nutter, 77 Colo. 74, 234 P. 1063; 17 R. C. L. "Limitation of Actions," § 220; 37 C. J. "Limitations of Actions," § 362.

[3] We have not considered defendant in error's "counter propositions," complaining of rulings against him by the Court of Civil Appeals, because he has made no application for a writ of error to that court, and the Supreme Court has jurisdiction only to review such questions as are presented by assignments of error. An apparent exception is found in those cases wherein the Supreme Court is called upon to reverse the judgment of the Court of Civil Appeals. Before doing this, it will consider all the assignments of the winning party in that court to ascertain if the judgment may be supported upon any of them. In other words, it will not reverse a correct judgment merely because the Court of Civil Appeals has assigned an erroneous reason for it. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185. But, since the judgment in this case is to be affirmed, there is no room for the application of this rule.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court be in all respects affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.