**L. B. WILKINSON et ux., Appellants,**

**v.**

**Roy STAFFORD, Appellee.**

**No. 3406.**

Court of Civil Appeals of Texas.

Waco.

Jan. 24, 1957.

Rehearing Denied Feb. 28, 1957.

Gibbon, Klein & Ferrero, Menton J. Murray, Harlingen, for appellants.

Greenwood & Russell, John C. Myrick, Harlingen, for appellee.

HALE, Justice.

Appellants instituted this suit against Roy Stafford, appellee, and others on November 1, 1954 upon three counts. Under their first count they sought by an action in trespass to try title to recover 376 by 150 feet of ground, hereinafter referred to as the Stafford Courts or tourist courts. Under their second and third counts they alleged by alternative pleas that appellee represented to them that he had good, marketable title to the tract of ground upon which the courts were situated and that the premises fronted upon and were contiguous to U. S. Highway No. 77 for a distance of 376 feet; that, relying upon this material representation, they purchased the tourist courts on March 15, 1950 for the sum of $36,500, paying $10,000 cash on delivery of the deed of conveyance from appellee to them, and executing a vendor's lien note for $26,500 payable in monthly installments of $147.22, with interest at the rate of 5% per annum. They also alleged that the foregoing representation was false in that appellee did not have a good and merchantable title to that portion of the premises decribed in the deed of conveyance being 50 feet by 376 feet nearest to U. S. Highway No. 77. They further alleged that as a result of the actionable fraud practiced upon them by appellee, they had suffered actual damages in the sum of $20,000. By their first alternate plea, they sought recovery of damages, actual and exemplary, and by their second alternate plea they sought rescission of the contract of purchase and sale.

Appellee answered the suit with numerous special exceptions, a plea of not guilty, a general denial, the two year statute of limitations, and a plea of waiver on the part of appellants to rely upon the fraud alleged by them because after appellants had discovered the fraud, if any, they requested and were granted an extension of time for the payment of certain monthly installments due under the purchase money note.

Thereafter, appellee filed his motion for summary judgment which was based substantially upon the same contentions as set forth in his answer. Appellants duly filed their verified reply to the motion for summary judgment, asserting therein that there were material issues of fact to be decided in the case relating to the title to the property in controversy, the fraud practiced upon them by appellee, and the repeated assurances by appellee, after the fraud had been partially discovered, that he would cure any defects in the title to the tourist courts.

The motion for summary judgment came on for hearing on November 21, 1955. The same was submitted to the trial court upon the pleadings of the parties and the oral depositions of appellant, L. B. Wilkinson, and of appellee. After hearing the motion, the court entered an interlocutory order on January 16, 1956, refusing the motion in so far as it related to count one, that being the count in trespass to try title, but sustaining the motion in so far as it related to counts two and three, they being the alternate pleas for damages and rescission, respectively.

On March 19, 1956, the cause came on for trial before a jury. After all the parties had introduced their evidence, but before the court had submitted any charge to the jury, appellants moved the court to grant them a non-suit on their count in trespass to try title. This motion was granted and appellants' cause of action in trespass to try title was dismissed. The court also decreed "that the interlocutory summary judgment hereinbefore rendered on the 16th day of January, 1956 that Plaintiffs take nothing by reason of their alternate plea for damages set out in their petition, and their alternate count for the cancellation and rescission set out in said petition be, and the same is hereby made final and the Defendants shall go hence with their costs without day."

Appellants say the trial court erred in granting the motion of appellee for summary judgment on their count for damages, because the pleadings and evidence show the existence of genuine issues relating to material facts relevant to their asserted claim for damages on account of the actionable fraud practiced upon them. On the other hand, appellee says the trial court did not err in granting his motion for summary judgment on appellants' count for damages because the pleadings and depositions in the case show there is no genuine issue of any material fact, in that (a) any cause of action which appellants might have had for damages by reason of the alleged fraud is barred by the two year statute of limitations; (b) appellants have waived any cause of action for damages which they might have had on account of the alleged fraud; and (c) appellants were not damaged by any alleged misrepresentations inducing them to enter into the contract of purchase and sale.

After due consideration of the record before us, we have concluded that the court below erred in rendering summary judgment that appellants take nothing against appellee by reason of their claim for damages on account of the actionable fraud alleged to have been practiced upon them in connection with the real estate transaction involved in this suit.

■■ Rule 166–A, Texas Rules of Civil Procedure, authorizes the rendition of a summary judgment when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact in the pending case, and that the moving party is entitled to judgment as a matter of law. The purpose of this rule is to expedite the final determination of any case in which there is no controverted issue of any material fact or facts. Hester v. Weaver, Tex.Civ.App., 252 S.W.2d 214 (er. ref.); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. But in passing upon a motion for summary judgment, it is the duty of the court to overrule the same unless it clearly appears from the record before the court that all the material facts involved in the case are without any dispute, and that reasonable minds could not differ in arriving at the ultimate conclusion or conclusions to be drawn from the undisputed facts disclosed by the record under consideration. Womack v. Allstate Insurance Co., Tex., 296 S.W.2d 233; Smith v. Bolin, 153 Tex. 486, 271 S. W.2d 93; Fowler v. Texas Employers Insurance Ass'n, Tex.Civ.App., 237 S.W. 2d 373 (er. ref.); Lesikar v. Lesikar, Tex. Civ.App., 251 S.W.2d 555 (er. ref. n. r. e.); Al & Lloyd Parker Co. v. Perkins,

Tex.Civ.App., 251 S.W.2d 765; St. John v. Fitzgerald, Tex.Civ.App., 281 S.W.2d 201.

Art. 4004 of Vernon's Tex.Civ.Stats. provides in part as follows: "Actionable fraud in this State with regard to transactions in real estate * * * shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. Whenever a promise thus made has not been complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making ·it to show that it was made in good faith but was prevented from complying therewith by the act of God, the ·public enemy or by some equitable reason."

In his oral deposition which was before the trial court on the hearing of appellee's motion for summary judgment, appellant Wilkinson testified in substance that Mr. Datzman, a real estate agent representing appellee, showed him the Stafford Courts sometime prior to March 15, 1950; that Datzman represented to him that the Southeast line of the courts was contiguous to U. S. Highway 77 for a distance of 376 feet; that Datzman showed him the points along the highway where two of the corners of the premises in controversy were situated; that after he had tentatively agreed to purchase the courts, he went to the office of Judge Myrick, attorney for appellee, in order to proceed with the transaction and Judge Myrick stated that he had examined the abstract of title to the premises in controversy for appellee at the time when he acquired the same, and that appellee held a good and marketable title to the property; that he, Wilkinson, did not have· the abstract of title examined by an attorney of his selection, but that he relied upon the ·foregoing representations and believed that the courts which he was buying abutted upon the highway for a distance of 376 feet, and that appellee held a good and marketable title to the property; that such representations were not true; and that he would not have consummated the purchase and sale on the terms agreed upon if he had known the true facts as to the location of the property lines of the courts and the use which he later discovered was being made of a portion of the premises nearest to the highway for maintaining an underground irrigation canal.

The deed of conveyance from appellee to appellants described the property by metes and bounds as two rectangular tracts, one of these tracts being 363 feet by 150 feet, and the other being 13 feet by 150 feet. The description of each tract recited a point on the Northeast right of way line of·the New Highway between San Benito and Harlingen (being U. S. Highway 77) as one of the corners called for in the deed, and each recited a course from such corner along the Northeast right of way line of the highway for distances of 363 feet and 13 feet, respectively. The beginning point of the field notes describing the two tracts covered in the deed of conveyance is the Southwest corner of Lot One (1), Block One Hundred Twenty-eight (128), San Benito Land and Water Company Subdivision, but the evidence is indefinite and uncertain as to the exact location of the Southwest corner of said Lot One (1) in relation to the Northeast right of way line of the highway. Notwithstanding this uncertainty, appellee asserts in his brief that "although the description contained in the deed contains a recitation which indicates it is contiguous to the highway, in fact, 'the courts' are entirely within Lot 1, Block 128 and there is an approximate 50 foot strip between 'the courts' and the highway. It is this 50 foot strip which purportedly constitutes the basis for this dispute. A sketch showing the location of 'the courts' in rela-

tion to the highway is attached to this brief as Exhibit A. All of the 50 foot strip is occupied by an underground canal."

■ In our opinion, the pleadings and evidence relied upon by appellants in opposition to the motion of appellee for a summary judgment were amply sufficient to raise all of the component fact elements necessary to constitute a cause of action on behalf of appellants for damages on account of fraud, as authorized by the provisions contained in Art. 4004 of Vernon's Tex.Civ.Stats.; Owen v. Al Parker Securities Co., Tex.Civ.App., 296 S.W. 620, Tex.Com.App., 1 S.W.2d 271; Smith v. Jordan, Tex.Civ.App., 220 S.W. 2d 481; Hawthorne v. Walton, Tex.Civ. App., 30 S.W.2d 397 (er. dis.).

■ An action for damages on account of fraud under the provisions of Art. 4004 of Vernon's Tex.Civ.Stats, is subject to the two years statute of limitations and should be brought within two years after the discovery of the fraud, or after it should have been discovered, unless the party against whom the action is brought is estopped from relying upon limitations as a bar to the action, as is fully alleged by appellants in this cause. Phillips v. Baker, Tex.Civ.App., 114 S.W. 2d 421 (er. ref.). However, we cannot say this record shows conclusively that appellants discovered, or in the exercise of due diligence should have discovered, more than two years prior to the institution of this suit, the exact nature or full import of the ill founded representations made to them by appellee and his agents so as to set in operation the running of the statute of limitations against the enforcement of their alleged action for damages.

Wilkinson testified in his deposition that at all times material to this suit, the 50 feet of ground between the tourist court buildings and the highway was used in connection with the courts as a lawn, it being landscaped with suitable shrubbery; that

the first intimation he had of any adverse claim of right to the 50 feet of ground was on or about July 20, 1951, when two men came to the courts and told him they owned the 50 feet of frontage along the highway; that he took the matter up with appellee, who advised him not to worry about the claim, saying "there was nothing to it. He said, you have got good title to everything here and you have got nothing to worry about, won't anything come of it, just forget it"; that he later received a letter from some attorney at San Benito about the premises and he then went to see Judge Myrick who "told me that the water company had control of it out there and that nothing would come of it, and I asked him about the description of the land and he said you have got a good title and he said, I suggest you go back and see Mr. Agar", (Mr. Agar being the manager of the Irrigation Company); that he did see Mr. Agar but was unable to get the matter straightened out and in 1953, prior to the time he sold the property, he had another extended conversation with appellee, being in part as follows: "Well, the first day he came down I told him what the trouble was, that someone else was claiming that frontage out there, and the title seemed to be all messed up, and I had a sale for the courts and wanted to get it straightened up. And he said what are you worrying about, and I told him I was worried about the frontage out there, and he said you have got nothing to worry about, he said that is nothing in the world but an easement. He said the water company had a right to put the canal through the land and you can use it for anything else. He didn't say that he owned it or didn't or that I owned it or didn't, and I took it from that that he had given the water company an easement through it." Wilkinson further testified that shortly thereafter, on September 15, 1953, appellee denied that he had conveyed the 50 feet of ground along the highway in the deed of conveyance, denied that he ever owned it, and refused to take any further action in attempt-

ing to clear appellants' title to the 50 feet of ground along the highway.

The issues of law and fact in the case now before us are similar to the issues involved in the case of Al Parker Securities Co. v. Owen, Tex.Com.App., 1 S.W.2d 271, where the court, in discussing limitations in that case, made the following comments: "* * * it cannot be said that defendant in error's cause of action was barred by the statute of limitations, for his evidence, if accepted, abundantly shows that he did not actually discover the existence of the false representations, but that he was repeatedly reassured by plaintiffs in error that all the representations originally made by them, except as to the few acres involved in the settlement, were true. The effect of defendant in error's knowledge of falsity in part of the representations upon which he had relied was, at most, to put him upon inquiry. When inquiry is made of the highest source, and the inquirer is met with reassurance of the truth of the representations, the injured party is not to be charged with a failure to exercise diligence to ascertain the falsity of the assurances. Such assurance constitutes an affirmative concealment of the fraud, and prevents the running of the statute of limitations." See also: Smith v. Jordan, Tex.Civ.App., 220 S.W.2d 481.

Wilkinson testified in his deposition that he wrote a letter to appellee in June, 1953, requesting permission to defer payment of the monthly installments to become due on his purchase money note in June, July and August, which was granted, and that on August 5, 1953 he requested permission to defer the payments to become due for the months of September and October, and this request was granted. Appellee argues in effect that this concession on his part constituted an extension agreement between the parties and that appellants, by entering into this new agreement with full knowledge of the fraudulent transaction of which they now complain, thereby waived their right to enforce any

claim for damages arising out of the original transaction. We cannot agree with this contention. Owen v. Al Parker Securities Co., Tex.Civ.App., 296 S.W. 620, Tex.Com.App., 1 S.W.2d 271. We recognize that the right to sue for damages for fraud may be waived when the defrauded party, with full knowledge of the imposition, enters into a new agreement adjusting the rights of the parties. However, we do not think this general rule is of controlling effect in its application to this case. In the first place, we cannot say appellants had full knowledge of all the material facts and circumstances surrounding this transaction. The request for permission to defer payment of these monthly installments was made prior to September 15, 1953 when appellee, according to the testimony of Wilkinson, first denied that he had conveyed the 50 feet of ground along the highway to appellants, and denied that he had ever owned the same, and refused to take any further action in attempting to establish or clear appellants' title to the 50 feet. As a matter of fact, we cannot tell with any degree of certainty from the record before us, who holds legal title to this 50 feet, or how the Irrigation Company acquired the right to maintain an underground irrigation canal through the premises. Moreover, we find nothing to indicate that either party intended that the deferring of payment on these monthly installments should constitute a new or independent contract between the parties or an adjustment of appellants' claim for damages, or that appellants thereby intended to relinquish their right to assert a claim for damages in the event appellee should fail or refuse to clear from defect their title to the 50 feet of ground along the highway.

The amount of the damages resulting from the actionable fraud, if any, of which appellants complain, was not a proper matter of inquiry on the hearing of appellee's motion for summary judgment. Furthermore, we cannot say the record before us conclusively shows that

appellants did not suffer any actual damages as a result of the transaction of which they complain.

Accordingly, the judgment appealed from is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views herein expressed.