COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

William T. CHAPMAN et al., Appellees.

Court of Appeals of Kentucky.

March 26, 1965.

Rehearing Denied July 2, 1965.

Robert F. Matthew, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, James H. Lucas, Charles W. Huddleston, Bowling Green, for appellant.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, Carmol D. Cook, Lake & Cook, Hartford, for appellees.

HILL, Judge.

The Department of Highways of this Commonwealth seeks 6.53 acres out of a tract containing between 60 and 72 acres, referred to herein as the Chapman tract, for use in constructing the Western Kentucky Toll Road. The appellees, property owners, were given judgment in the county court for $7200.00, and a verdict and judgment in circuit court for $22,200.00. The Commonwealth appeals.

The surface of the land taken is owned by the heirs of one Dewey Chapman, twelve in number. The coal and mineral rights beneath this surface were severed by reservation many years ago and are now owned by the heirs of Q. S. Southard, which include the surface owners and more than ninety known and named defendants.

All appellees in this action are heirs of Southard who died intestate many years ago the owner of a 157-acre tract, including the Chapman tract above referred to. Subsequently the 157-acre tract was divided and in the deeds consummating this division, the coal was expressly reserved and held in common by all the Southard heirs.

The jury awarded the Chapman heirs $11,000.00 for the surface, and the Southard heirs, which included the Chapman heirs, $11,200.00 for the coal "in and under said land."

Appellant advances the following grounds for upsetting the verdict and judgment:

I. Incompetent and prejudicial evidence was erroneously admitted.

II. It was improper to admit evidence of the appellees' ownership of coal underlying 157 acres of which the 60-acre tract involved in this action was formerly a portion.

III. It was error to allow a separate evaluation of the surface ownership and the coal ownership of the land involved in this action.

IV. The instructions of the court were erroneous and prejudicial.

V. The verdict of the jury was so excessive as to appear to have been given under the influence of passion or prejudice and in disregard of the evidence.

We have carefully examined the record and grounds assigned by appellant for a reversal and find no substantial support for any of those grounds.

■ True the amount awarded by the jury appears to us to be most liberal to the land and mineral owners. However, we cannot say, as a matter of law, that the award appears to have been made under influence of passion and prejudice. One of the appellees' witnesses testified the land and damage amounted to $30,000.00, while another fixed the before value at $90,000.00, and practically no value after the taking. Of the 60 to 72 acres of surface involved, 53 acres were "landlocked;" and of this, 35 acres were in 14″-and-up oak timber, including 100 walnut trees.

Appellant cites Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963) in support of its position that evidence of the market value of the 157-acre tract of mineral, of which the 60-acre tract is a part, was incompetent and prejudicial. It also complains of evidence of the separate valuation of the surface and mineral rights on the 60-acre tract. Gulf Interstate Gas Company v. Garvin, Ky., 368 S.W.2d 309 (1963) is relied on. We think it proper that these cases be discussed and distinguished, especially, since our recent opinion in Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964).

■ In the above cases the rule has been established that in fixing before and after values, as a general proposition, there should be no separation of surface and mineral values. In the Gearhart case there had been no severance of the mineral as we have in the case at bar. In our present case, one group of heirs (Chapman) own the surface in the 60-acre tract, while a much larger group of heirs (Southard), and including the Chapman heirs, 90 in all, own the mineral heretofore severed, under the 157-acre tract. The 60-acre tract is a part of the 157-acre tract. Here, we have a situation in which the different owners of the separate estates are entitled to a determination of the values of those estates. The question is shall the determination be made by the same jury, separate jury, or by the court? This leaves us with two courses in situations such as we have here. One, to allow evidence of separate values and submit the entire question to one jury, as was done in this case, or to limit evidence to the before and after value to the whole estate, surface and mineral included, and have a separate determination of the values of the separate estates by a later jury. This latter plan is not feasible in the present case for the reason that the separate estates are not coextensive and the owners of the larger mineral estate (157 A. Minerals) are entitled to prove the value of the entire tract before and after.

The philosophy of avoiding multiplicity of actions is another reason for the rule that all issues may properly be determined by one jury in one trial. Chicago, B. & Q. R. Co. v. F. Reisch & Bros., 247 Ill. 350, 93 N.E. 383, from which we quote:

"It was undoubtedly a proper practice for the jury to first fix the value of the entire property by their verdict and then to apportion the total value of the property as found by them among the several parties who were interested therein."

This rule was adhered to in actual practice in United States of America v. 342.81

Acres of Land, D.C., 134 F.Supp. 430, as shown by this quotation:

"In a proper case where the mineral interests and the surface interests are owned by different parties, a verdict may be returned finding the fair market value of the whole property with the minerals in place and a separate verdict as to the value of the mineral interests."

Also Korfhage v. Commonwealth, Ky., 296 S.W.2d 476 (1956).

The facts in the Gearhart case, supra, are entirely different from the facts in the present case. The rule applied here in no way conflicts with Gearhart.

The judgment is affirmed.