**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Sanford GIBSON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

Rehearing Denied April 22, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Tildon McMasters, L. A. Faurest, Elizabethtown, for appellant.

J. T. Hatcher and Hatcher & Lewis, Elizabethtown, for appellees.

HILL, Judge.

The Commonwealth appeals from a judgment entered pursuant to a verdict for $5,-600 for 7.82 acres of land taken and $7,900 for damages to the remainder of appellees' farm which contained 57.69 acres before the taking. The land sought to be condemned, near Clarkson, was to be and has by now been used in the construction through Grayson County of the Western Kentucky Parkway, a limited access toll road.

Appellant complains (1) incompetent evidence was permitted, and (2) that the verdict is not supported by the evidence.

The appellees were permitted to introduce evidence of the sale of a lot 90' by 200' located across the road from appellees' farm. The sale of this lot took place November 19, 1962, according to the deed, which was recorded the day before the trial of this action. The lot was sold by appellees to a sister of Mrs. Gibson who resided in Louisville. Appellees contend the sale of this lot was a good faith sale of land of comparable value and was therefore competent as evidence of value in this condemnation case. Appellant argues the transaction is incompetent because entered into between appellees and members of their family and implies it was not in good faith and only entered into to be used as evidence in this case. Appellant points out that the lot was not marked off or designated by any natural or planted objects and that there was no intention on the part of the grantees to use the lot.

It is our conclusion that evidence of this sale, although a transaction between relatives and consummated immediately before the trial of this case, nevertheless, is competent for what it is worth. Of course it is proper, after the introduction of such evidence, to allow the appellant the opportunity to show the entire circumstances so that the jury may finally determine whether the sale was a good faith one and if it was a comparable sale.

The next and final argument presented on behalf of appellant asserts that the "verdict is not supported by the evidence." We shall treat this as a contention that the verdict is excessive.

This case was tried before the opinion was handed down in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). The witnesses separated the various items of damage. Since we are reversing this case on the ground the

verdict is excessive, the next trial, if there should be one, should be conducted according to the rules in Sherrod.

In addition to the land taken, a tract containing 3.77 acres is cut off from the rest of the farm. A black top road runs parallel with this tract and parallel with the Western Kentucky Parkway. However, there is a creek running along side the 3.77 acres between this tract and the black top road, so that appellees' access to this small tract has been impaired. The appellant has not and does not intend to build a bridge across this small creek to the small isolated tract.

The access of appellees to Kentucky Highway 224 has not been materially affected except as above noted as to the isolated 3.77 acres, although Ky. 224 has been widened about fifteen feet.

Boyd Roe and R. W. Crabtree, state-employed appraisers, testified for appellant. They stated that they had examined numerous comparable sales; specifically, six recent sales that averaged $245 per acre. Crabtree testified he examined seventy sales, and that he considered all of them in arriving at his valuation. They fixed total damages at $4,745, which included $2,000 for the 7.82 acres taken.

Appellee Sanford Gibson testified and introduced a number of his neighbors including the county court clerk. Gibson testified his farm was worth $54,100 before and $33,050 after the taking for a difference of $21,050.

Jesse Gibson, a nephew, gave similar testimony fixing the difference at $22,500.

Filmer Philpot fixed the difference at $21,300.

Two other witnesses gave substantially the same figures as the above witnesses, one giving a difference of $20,000 and the other $20,650.

Following is a representative breakdown of the testimony of appellees' witnesses regarding appellees' damages:

| "2 acres fronting on road taken @ $4,000 per acre | $8,000 |
|---|---|
| Remaining 6 acres taken @ $300 per acre | 2,000 |
| Chicken house | 700 |
| Damage to rental house | 2,000 |
| Damage by being cut off from water | 1,800 |
| Damage by reducing size of farm and severing 3 + acres | 5,000 |
| Damage caused by fill in front of farm | 1,800 |
| | $21,300" |

Only one item of improvement was included in the land taken, a small chicken house. A photograph in this record clearly demonstrates the ridiculously excessive valuation of $700 placed on it by appellees' witnesses.

The $2,000 item for damage to the tenant house is entirely unsupported by the evidence except for conclusions, although the right-of-way does extend to within twenty-four feet of the rent house. We are unable to understand how the after value of appellees' farm could sustain $2,000 damage by reason of the right-of-way being near the tenant house.

The item of $5,000 for "reducing the size" of the farm and the 3.77 acres cut off is so palpably excessive as to shock the conscience at first blush.

■ The amount of the verdict of $13,500 is more than $1,700 per acre for the land taken. While we recognize about two acres of that taken was suitable for residence purposes and within two-tenths of a mile from Clarkson and that six acres taken was good, well-drained tobacco land, yet on the whole we believe the verdict grossly excessive and should be reversed.

Commonwealth, Department of Highways v. Darch, Ky., 390 S.W.2d 649 (1965).

Wherefore, the judgment is reversed with directions to grant appellant a new trial consistent with this opinion.