**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Boyd PICKLESIMER, Widower, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Jarvis Allen, Pikeville, for appellant.

Marcus Mann, Earl R. Cooper, Salyersville, for appellees.

CULLEN, Commissioner.

Appellees owned a 175-acre Magoffin County farm of which 20 acres were creek-bottom land and the rest hillside. The improvements were modest. The state condemned, for highway purposes, about 10 acres of the bottom land, on which were a tobacco barn and three small outbuildings, and some six acres of hill land. The jury awarded damages of $30,000. From the judgment for that amount the Commonwealth, Department of Highways, has appealed.

This case is indistinguishable in principle from Commonwealth, Department of Highways v. Harvey, Ky., 396 S.W.2d 511 (decided November 19, 1965). The issues are substantially identical and the decisions on those issues in Harvey are controlling here.

Here, as in Harvey, the witnesses were in substantial agreement as to "after" value; the only conflict was as to "before" value.

■ Here, as in Harvey, the principal landowner did not qualify as an expert on land values and he should not have been

permitted to testify as such. He showed no knowledge of sales of other land and his estimate of value of his own farm was supported by nothing other than the statement, "I had a fellow that wanted to buy it and I think he would have paid me $40,000 for it."

Here, as in Harvey, the unsupported estimates of value by the expert witnesses for the landowners, considered in the light of the circumstances disclosed by the other evidence in the case, appear extravagant and not of sufficient probative value to sustain a verdict as large as the one returned. One of the witnesses put the value at $35,000; the other at $44,900. (The Commonwealth's witnesses' estimates were $13,500 and $15,700.) Neither of the landowners' witnesses gave anything other than bold assertion to support his estimate. When pressed to distinguish sales of apparently comparable land at much lower prices than their estimates they resorted to such statements as, "I use my own judgment about what I figure a piece of land is worth." One of them indicated that he was basing his estimate of value in part on what the *state* had paid or offered for other tracts needed for highway purposes. The farm as described in the evidence does not have high value features, either by location or development, and the bare testimony of the landowners' witnesses simply does not have the quality to convince a reasonable mind that the farm has the high value they assign to it. In order to accept the estimates of value by the landowners' witnesses one would be compelled to believe that the 10 acres of bottom land and six acres of hill land taken for the highway represented close to 90 percent of the value of the farm. This is incredible.

The Commonwealth complains of the use of colored photographs. We touched on that point too in Harvey and what we said there is equally applicable here.

The judgment is reversed with directions to grant a new trial.