**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Ethel HUNT, Widow, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Reed D. Anderson, Madisonville, Thomas L. Withers, Henderson, for appellant.

Dorsey & Sullivan, John L. Dorsey, Jr., Henderson, for appellees Allen Wilson and A. P. Fulkerson.

William M. Deep, Robert G. Hunt, King, Deep & Branaman, Henderson, for appellee, Ethel Hunt.

CLAY, Commissioner.

In this condemnation case the Commonwealth appeals from a judgment of $11,100.

The property taken was a strip of land 100 feet in length across the front of appellees' commercial property in Henderson facing on U. S. 60 (which was widened). The jury awarded $6,000 for the permanent taking of a seven-foot strip and $5,100 for the temporary taking (for 34 months) of an additional 10-foot strip (reduced to four feet for about one-third of its length).

■ The Commonwealth's principal complaint concerns the excessiveness of -the award of $5,100 for the temporary easement. This case was tried before our decision in Commonwealth Dept. of Highways v. Ray, Ky., 392 S.W.2d 665, but the principles therein set forth are controlling. This award was based on improper elements of damage and is grossly excessive. It is perhaps unnecessary to point out that the rental value award for this 10-foot temporary easement exceeded the reasonable rental value of the entire property. If a new trial is had with respect to this item, the criteria set forth in the Ray case will be followed.

■ The Commonwealth also contends (though it is very briefly argued) that the award of $6,000 for the permanent taking of the seven-foot strip is likewise excessive. One of the Commonwealth's witnesses fixed the difference in market value at $2,600. The lowest estimate of this difference by the landowners' witnesses was $21,000. The verdict of $6,000 indicates the jury could not accept the latter witnesses' utterly extravagant estimates and also shows a fair attempt to make a reasonable award somewhere between the widely divergent appraisals. In the light of the evidence we cannot say this award is so excessive as to indicate passion and prejudice on the part of the jury.

The judgment is affirmed in part and reversed in part, with directions to grant a new trial on the sole issue of damages for the taking of the temporary easement.