**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Charles A. GOEHRING, Ancillary Administrator of the Estate of Joseph M. Hartfield, Deceased, Appellee.**

Court of Appeals of Kentucky.

Nov. 18, 1966.

---

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Reed D. Anderson, Department of Highways, Madisonville, Thomas L. Withers, Henderson, for appellant.

William M. Deep, King, Deep, Branaman & Hunt, Henderson, for appellee.

WADDILL, Commissioner.

Joseph M. Hartfield owned 287 acres adjacent to and south of the Ohio River and west of U.S. Highway #41. For the purpose of building non-access approaches to a new bridge, the Commonwealth condemned a trapezoid-shaped strip of land alongside U.S. #41, containing 21.14 acres. In addition the Commonwealth acquired a temporary easement on 2.75 acres.

The landowner was awarded $4,528 in the Henderson County Court. Both parties appealed to the Henderson Circuit Court where the landowner obtained a verdict and judgment of $18,500 for the land taken in fee and $2,000 for the temporary easement, a total of $20,500.

On its appeal the Commonwealth urges that the award of damages was so excessive as to require a reversal of the judgment and that the circuit court erred in: (1) Permitting evidence of limited access; (2) permitting evidence of potential commercial use; (3) refusing to permit evidence of the subsequent private sale of the remaining portion of the landowner's farm, and (4) not requiring the jury to separately find the before and after values.

■ The farm consisted of land along the Ohio River which was subject to seasonal flooding. Its only improvement was a small house not affected in this action. Only about 93 acres on the south and west sides of the farm could be cultivated and the remainder (including that involved in this action) was characterized as wasteland and woodland. The landowner's two expert witnesses testified that the differences in the fair market value of the 287-acre farm before and after this condemnation were $30,000 and $34,000. One of the witnesses gave no basis for his valuation opinion, while the other witness relied on sales not shown to be comparable, particularly with reference to regular flooding. The latter witness also considered that loss of access had reduced the value of the landowner's remaining property. Since it was shown that the farm had reasonable access to the highway system via Kentucky Highway #144, loss of access was an incompetent factor. The proper procedure to follow in these

circumstances was set forth in Commonwealth, Department of Highways v. Adkins, Ky., 396 S.W.2d 768. The estimates of value of these witnesses have insufficient probative value to support the award of $18,500 for taking of these 21 acres. Commonwealth, Department of Highways v. Picklesimer, Ky., 397 S.W.2d 159. Hence the award is excessive.

 Moreover, the award of $2,000 for a temporary easement on 2.75 acres is equal to $727 an acre and yet the award (itself excessive) for the land taken in fee is equal to $875 per acre. Ordinarily the measure of damages for a temporary easement is its reasonable rental value. Commonwealth, Department of Highways v. Hunt, Ky., 399 S.W.2d 294; Commonwealth, Department of Highways v. Ray, Ky., 392 S.W.2d 665. In the instant case the jury awarded nearly as much per acre for the easement as for the fee. The easement was taken to remove a portion of an old railroad embankment and the landowner's witnesses based their value of this easement on the commercial value of the dirt which the Commonwealth removed from it. The landowner now urges that this use made the taking something other than a temporary easement and relies on Commonwealth, Department of Highways v. Givens Brothers, Inc., Ky., 298 S.W.2d 867. In that case we treated the taking of a tract for a temporary easement as the taking of the fee because the changes made by the Commonwealth in the land subject to the temporary easement prevented the landowner from using it. In the instant case the removal of the embankment did not affect its use. Therefore, the award for the temporary easement is also excessive.

 The judgment must be reversed because of excessive damages. Since there may be a new trial we make two observations: (a) If the remainder of this farm was sold within a reasonable time after this taking, its sale price is admissible as a comparable sale unless lack of comparability is established. Commonwealth, Department of Highways v. Gibson, Ky., 401 S.W.2d 71; (b) the instructions in Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302, should be submitted to the jury. We find the other ground of alleged error to be without merit.

The judgment is reversed with directions to grant a new trial.