COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Preston SOUTHARD et al., Appellees.

Court of Appeals of Kentucky.

Feb. 28, 1969.

under the land against the Commonwealth of Kentucky, Department of Highways, in a condemnation proceeding. The Department appeals from the judgment entered thereon and assigns several errors.

The appellant complains that the instructions given were not in conformity with the rule announced in Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302, which requires the jury to be instructed to find the before and after values of the land taken and to so state in the verdict. The Priest case was decided November 20, 1964; the petition for rehearing was overruled March 12, 1965. This rule has been followed since then. Commonwealth, Department of Highways v. Gardner, Ky., 388 S.W.2d 360; Commonwealth, Department of Highways v. York, Ky., 390 S.W.2d 190; Commonwealth, Department of Highways v. Claypool, Ky., 405 S.W.2d 674; Commonwealth, Department of Highways v. Carter, Ky., 407 S.W.2d 143; Commonwealth, Department of Highways v. Goehring, Ky., 408 S.W.2d 636; Commonwealth, Department of Highways v. Brumfield, Ky., 418 S.W.2d 231.

The present case was tried on January 27–29, 1966. The appellant, through counsel, offered an instruction embodying the Priest rule, which was refused. This was reversible error for the reasons stated in Priest. Commonwealth, Department of Highways v. Chapman, Ky., 391 S.W.2d 367, tried prior to Priest, is not applicable in so far as the instruction and form of the verdict are concerned.

In Chapman, the surface was owned by the Dewey Chapman heirs; the coal rights were owned by the Q. S. Southard heirs, among whom were included the Dewey Chapman heirs. Separate findings by the jury as to the value of the surface and coal rights were upheld on the ground that " * * * the separate estates are not co-extensive * * * " and, therefore, did not come within the purview of Gulf Interstate Gas Company v. Garvin, Ky., 368 S.W.2d 309, Commonwealth, Department of High-

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., C. E. Skidmore, Dept. of Highways, Frankfort, L. A. Faurest, Faurest & Collier, Elizabethtown, for appellant.

Clarence Bartlett, Woodward, Bartlett & McCarroll, W. Mallam Lake, Lake & Bratcher, Hartford, for appellees.

MONTGOMERY, Chief Justice.

Preston Southard et al. received a verdict of $6,656.01 for the surface owners and $27,657.31 for the owners of the coal

ways v. Cardinal Hill Nursery, Ky., 380 S. W.2d 249, and Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922.

The Chapman case is an exception to the general rule. Where the boundaries of the surface and under-surface rights are the same, the reason for application of the Chapman exception disappears, and the value of the fee simple title to the property taken should be determined without complicating such taking by a determination of the value of the various estates involved. See Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844, and the cases cited above. On a re-trial, if the boundaries are shown to be coextensive, the general rule will be applied. If the boundaries are shown not to be coextensive, the Chapman exception rule will be applied. In either event, the jury should find before and after values as required by Priest.

Appellant urges that it was error for appellees' counsel to argue that the jury should return a verdict on a tonnage basis. The argument was based on testimony of appellant's witness under cross-examination to which no objection was made. The testimony was in evidence without objection and was properly arguable. Cf. Commonwealth, Department of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249; Commonwealth, Department of Highways v. Napier, Ky., 387 S. W.2d 861.

It is further argued that it was error to refuse to instruct that the appellant did not own the land upon which the cemetery road was built and that the road could be removed by the landowners. Appellees point out that the judgment provides for a conveyance to appellant of the right of way for the cemetery road which, apparently, is not described in the pleadings or otherwise. Presumably, a conveyance under this judgment to the appellant has been made. At another trial the status of the cemetery road should be ascertained and a determination made if the right of way therefor is sought; if it is not to be taken, reference to it should be eliminated.

Appellant contends that Robert Southard, one of the owners, was permitted to testify concerning sales of coal in place by the acre and by the boundary without knowing the thickness of the coal seam or the depth of the overburden. Ordinarily the lack of knowledge concerning the coal seam and overburden is a matter of credibility for the jury, unless such lack of knowledge is so great as to destroy the probative value of the testimony. Southard's testimony on a re-trial cannot be anticipated, but the scope of his examination should be governed by Commonwealth, Department of Highways v. Rice, Ky., 411 S.W.2d 471, and the cases cited therein.

No merit is found in the argument concerning the admissibility of testimony that Kentucky Highway 1245 could be removed in order to mine the coal under it. It is not necessary to discuss the contention that the verdict is excessive.

Judgment reversed.

All concur.