**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**C. S. BRENT SEED COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 28, 1964.

John B. Breckinridge, Atty. Gen., William
A. Lamkin, Jr., Asst. Atty. Gen., H. C.
Smith, Lexington (Dept. of Hwys.), for
appellant.

John C. Anggelis, Lexington, Marcus C.
Redwine, Jr., Winchester, James Park, Jr.,
Lexington, for appellees.

PALMORE, Judge.

The Commonwealth brought this proceeding in the Fayette County Court to condemn certain easements under KRS 177.081 et seq. Commissioners appointed by the county court fixed the compensation to be paid the landowners at $12,896.33. The owners appealed the resulting award to circuit court on the ground it was inadequate. The Commonwealth did not appeal. A jury in circuit court returned a verdict in the amount of $9,560.00, or $3,336.33 less than the county court award. On motion of the landowners the circuit court entered judg-

ment in their favor for $12,896.33. The Commonwealth appeals, contending the amount of the judgment should be $9,560.00.

■ When the Commonwealth does not appeal from the county court award the issue of excessive compensation is closed and no longer justiciable in the same proceeding. The only issues triable in the circuit court are those stated in the appeal. KRS 177.-087(1); Commonwealth v. Mayo, Ky., 324 S.W.2d 802 (1959). The landowners' appeal stated exceptions to the award on the ground it was inadequate. This was the only issue before the circuit court relating to the amount of compensation. The jury having arrived at an amount still less than the county court award, that issue was resolved against the landowners. But to deprive them of the benefit of the county court award, the recovery to which they were entitled had they not appealed at all, would in effect give one party an automatic cross-appeal in the event of an appeal by the other. This would contravene the policy of the statute. See Commonwealth, Department of Highways v. Berryman, Ky., 363 S.W.2d 525 (1963). Despite procedural differences, the principle of Bullitt v. Commonwealth by & through Department of Highways, Ky., 298 S.W.2d 290 (1957), governs this case.

■ It is contended that the landowners' failure to ask that the instructions limit the award to a minimum of $12,896.33 estopped them from insisting on a judgment not in conformity with the verdict. However, a judgment is limited by the pleadings. The pleadings in this kind of case consist of the statements of appeal and proper responses thereto. A certified copy of the county court judgment is an essential adjunct of a statement of appeal. KRS 177.-087(1). The pleadings in circuit court here showed that the appealing landowners had recovered $12,896.33 in county court and wanted more. There was no pleading contending they should have less.

■ It is our further opinion that instructions in condemnation cases should not

state either maximum or minimum limits of recovery. In this particular case it would in effect have told the jury what the county court commissioners had awarded. We have recently held such information to be prejudicial. Commonwealth, Department of Highways v. Swift, Ky., 375 S.W.2d 691 (1964). The procedure followed by the circuit court was correct.

The judgment is affirmed.