**COMMONWEALTH, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Edgar SUTTON et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1971.

Don Duff, Gen. Counsel, Paul Hunley, Dept. of Highways, Frankfort, Rhodes Bratcher, Owensboro, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

DAVIS, Commissioner.

In a condemnation proceeding a jury awarded appellee $23,000 based on a finding of before value of $33,000 and after value of $10,000. The condemnor has appealed, asserting that the verdict is palpably excessive and not supported by evidence of probative value.

The right of way was needed for construction of the Pennyrile Parkway, a limited-access toll road. Appellee's farm, before the taking, contained 95.71 acres. By reason of the taking of an irregularly shaped tract of nearly thirty-five acres, the remaining property was left in two noncontiguous tracts, containing about thirty-four acres and twenty-eight acres. All of the existing improvements were taken. These improvements included a three-room house, 100 or more years old, without plumbing or central heating; a well; a couple of aged barns; and miscellaneous small buildings including a chicken house, a coal house, and a tool shed. A pond was within the area taken. The owner bought the tract in 1962 for $14,000 plus $500 he paid a broker. He testified that he had "cleaned up" the property extensively by bulldozing it, liming it, and performing repairs on buildings and fencing. All witnesses recognized that substantial increases in property values have occurred in the area since 1962.

The condemnor presented two appraisal witnesses, one of whom expressed before and after value opinions of $25,841 and $12,958 for a difference of $12,883. The other thought the before value was $24,-200, the after value $12,000, with resulting difference of $12,200.

The landowner also offered two appraisal witnesses, one of whom thought

the before value was $44,000 and the other fixed the before value at $43,000. Each of them expressed the after value at $9,000, so they related differences in before and after values of $35,000 and $34,000. The jury took a course between these estimates when it found before value of $33,000, after value of $10,000, and found its verdict for $23,000.

The appraisal witnesses testified concerning purportedly comparable sales. No challenge is made concerning the qualifications of the appraisal witnesses as experts. Claimed distinguishing features relating to the "comparables" and the subject property were explored in the examinations of the witnesses. The jury could well have been persuaded to return a lower verdict, but the evidence for the condemnor was not so strong as to require a lower verdict. The court does not regard the verdict as palpably excessive or lacking support by evidence of probative value. In short, the court does not "blush," within the framework expressed in Commonwealth, Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510, or Commonwealth, Dept. of Highways v. Strahan, Ky., 431 S.W.2d 871.

The judgment is affirmed.

All concur.