COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Fred J. SPILLMAN et al., Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1973.

Don Duff, Gen. Counsel, Paul Hunley,
Dept. of Highways, Frankfort, Thomas F.
Manby, Jr., LaGrange, John J. Blackburn,
Covington, for appellant.

John M. Berry, Jr., Berry & Floyd, Car-
rollton, for appellees.

STEINFELD, Justice.

A condemnation proceeding was institut-
ed by the Commonwealth of Kentucky, De-

partment of Highways, to acquire a right of way for the construction and relocation of already existing U. S. Highway No. 227. The condemnees were the owners of unimproved, commercially used land fronting on that highway 447 feet and having a depth of approximately 100 feet throughout. It was generally flat and level with the road, but at the back began the steep ascent of a hill. The lot contained 1.320 acres or 57,600 square feet. From the front of this lot the Commonwealth took 0.475 acres or 20,718 feet, leaving 0.846 (±) acres or 36,882 feet. The road frontage was then 306 feet in length and the lot was generally about 20 feet in depth, although one witness stated that it was " . . . 150 feet deep at the longest point." Prior to the land's being taken there existed access to the property for a distance of 285 feet along the road, but afterwards the only access was a 12-foot entranceway constructed by the Commonwealth. The remainder of the lot was then separated from the highway by a guardrail and a ditch which extended from the north boundary to a point just short of the entranceway. This lot had been used for storage of materials in conjunction with the operation of a lumber business. It seems agreed that the highest and best use for the land is commercial. The road, both before and after its realignment, was not a limited-access highway.

The commissioners in the county court awarded $7,000 to appellees and judgment was entered accordingly. When the case was tried on appeal, a jury returned a verdict fixing the before-taking value of the land at $17,825 and the after-taking value of the land at $2,500, making a difference in value of $15,325. From a judgment entered on that verdict, the Commonwealth appeals. We affirm.

The Commonwealth claims that the jury was erroneously allowed to consider a non-compensable element of damage, the purported loss of access; that error was made in instructing the jury; and that the verdict was excessive and was not supported by evidence of probative value.

■ The condemnees concede that access was considered by their valuation witnesses in arriving at the before and after values. They claim " . . . that the principal damage to Appellees' property resulting from the taking lies in two basic categories, i. e. one, the extent of the access provided by the Commonwealth after the taking in light of the use of the property and two, the reduction in the size of the usable land and the length of frontage and the size and usefulness of the land that was left." Evidence was introduced indicating that a 12-foot driveway was inadequate to serve the various commercial uses to which the land was best suited.[1]

The Commonwealth, which made timely objections and requested admonitions, relies on the rule that " . . . loss of access is not a compensable factor if the property owner retains a reasonable means of ingress and egress to the highway system, Com., Dept. of Highways v. Carlisle, Ky., 442 S.W.2d 294 (1969), and that the devaluation of property resulting from the limiting of the right of access by the Commonwealth, in the exercise of its police power, is not the taking of property for which the landowner is entitled to compensation, Flynn v. Com., Dept. of Highways, Ky., 428 S.W.2d 24 (1968)." All concede that the owners were entitled only to reasonable access. Commonwealth, Department of Highways v. Carlisle, Ky., 363 S. W.2d 104 (1962). Compare Commonwealth, Department of Highways v. Diuguid, Ky., 469 S.W.2d 707 (1971). Here a genuine issue arose as to whether reasonable access had been provided; therefore, there was no error in overruling the objection and declining to admonish the jury not

1. The Commonwealth did not and does not claim that access rights are controlled by present use. See Com., Department of Highways v. Carlisle, Ky., 363 S.W.2d 104 (1962).

to consider the testimony based on loss of access. Commonwealth, Department of Highways v. Dotson, Ky., 405 S.W.2d 30 (1966).

■ The testimony of the valuation witnesses may be summarized as follows:

### FOR APPELLANT

| WITNESS | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| McMullan | $17,280 | $11,065 | $6,215 |
| Snyder | 17,300 | 11,100 | 6,200 |

### FOR APPELLEES

| Deatherage | $18,720 | $ 3,500 | $15,220 |
|---|---|---|---|
| Stafford | 18,000 | 2,000 | 16,000 |

Over an objection by the Commonwealth, the court instructed the jury as follows:

"2. The jury will find the fair market value of the property mentioned in the evidence immediately prior to May 8, 1967. You will state this amount separately in your verdict. This amount will be between $18,720.00 and $17,280.00, the high and low before values as testified to in the evidence.

"3. The jury will find the fair market value of the property mentioned in the evidence remaining after the taking of the right of way, on May 8, 1967, assuming the completion of the highway as planned and the prudent maintenance thereof. You will state this amount separately in your verdict. This amount will be between $11,100.00 and $2000.00, the high and the low after values as testified to in the evidence.

The Commonwealth argues " . . . that so much of instruction No. 2, which fixed the range in which the amount for the before value was to fall, and so much of Instruction No. 3, fixing the range for the after value, was erroneous in that it permitted the jury to arrive at a difference in fair market value without requiring them to listen to any testimony. The trial court in effect gave instructions which as-

sumed a material fact on which the evidence conflicted, namely, the before and after values of the subject property as testified to by witnesses for appellant and appellees, respectively." It relies on Conley v. Foster, Ky., 335 S.W.2d 904 (1960), an automobile accident case in which we held that an instruction is erroneous if it assumes or appears to assume an essential fact concerning which there is disputed evidence. Appellant claims that the instructions in the action now before us called particular attention to portions of the evidence and erroneously set the maximum and minimum limits of recovery. The latter, it insists, violated the rule announced in Commonwealth, Department of Highways v. Brent Seed Company, Ky., 376 S.W.2d 310 (1964), in which we wrote: " . . . instructions in condemnation cases should not state either maximum or minimum limits of recovery." Appellees respond that in Brent the Commonwealth had not appealed to the circuit court from the county court award; therefore, only the inadequacy of the county court award was in issue. That is correct. Nevertheless, the statement that neither maximum nor minimum limits of recovery should be stated applies generally in condemnation cases. The trial court, in overruling the objections made by the Commonwealth, explained:

"The Court having heard the objection of counsel for the Highway Department says that its reason for enlarging the instruction from that of the usual stock instructions used in condemnation proceedings is because there have been numerous condemnation cases here in this county which have had to be retried because in using the standard instructions there is no guide for the jurors and they have on numerous occasions gone outside the values as testified to by the various witnesses which have resulted in bad verdicts and the trials would have to be set aside and retried. This has happened not just once but several times before this Court in this county and also other

counties and it is the opinion of the Court that the instruction should be enlarged upon to include the limits of the high and low before values and the high and low after values and this is keeping the jury within the bounds during its deliberation."

While there is merit in the trial court's position, it has been rejected and we adhere to the rule that the pattern instructions set out in Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302 (1965), to the extent applicable, should have been followed. Commonwealth, Department of Highways v. Southard, Ky., 438 S.W.2d 338 (1969). Also see 1 Stanley's Instructions to Juries in Kentucky, Sec. 359a. Although we consider that it is preferable to follow the Priest case, it appears to us that here the jury was not confused as the values it determined were neither the maximum nor minimum amounts mentioned in the instructions and were within the range of the values expressed by one of the valuation witnesses. We find that the condemnor was not prejudiced by the failure of the trial court in instructing the jury to follow our pronouncements.

 Appellant contends that the verdict is excessive and was insufficiently supported by probative evidence. It charges that the sale prices of other properties which the witnesses used for comparison purposes do not support the estimates they gave. Both witnesses against whom the complaint is directed were "experts" in the appraisal of real property. They were not required to use the sale prices of comparable properties. Commonwealth, Department of Highways v. Ward, Ky., 461 S.W.2d 380 (1970). Mr. Deatherage on cross-examination said: "I took a series of sales (into consideration) but none in particular." Mr. Stafford seemed to rely on sales which the Commonwealth insists are of property which was dissimilar to the land being condemned. It was for the witness to decide what property he considered as comparable and after the information was furnished to the jury for it to determine what weight should be given to the testimony. Commonwealth, Dept. of Highways v. Garrett, Ky., 447 S.W.2d 596 (1969); Commonwealth v. De Hart, Ky., 465 S.W.2d 720 (1971).

 The evidence showed that land was taken, there was substantial damage to the remainder, and there was the issue of whether reasonable access was provided. Following the guidelines announced in Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968), we reject the argument that the verdict is insufficiently supported by evidence of probative value or that at first blush it appears excessive. Commonwealth, Department of Highways v. Sutton, Ky., 465 S.W.2d 244 (1971).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN and STEPHENSON, JJ., concur.

REED and OSBORNE, JJ., concur in result only.