**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**W. B. CAMPBELL, Sr., and Florence Camp-
bell, wife, Appellees.**

Court of Appeals of Kentucky.

April 19, 1974.

Carl T. Miller, Jr., Gen. Counsel, Dept. of Highways, Frankfort, Robert Lee Hall, Covington, for appellant.

William P. McEvoy, McEvoy & McEvoy, Florence, for appellees.

VANCE, Commissioner.

This is an appeal by the Department of Highways from a judgment in a condemnation case upon the grounds that the instructions to the jury were erroneous.

The instructions complained of were as follows:

" * * * Therefore, you shall find as you believe from the evidence;

"(a) The fair market value of the tract of land as a whole immediately before the taking. This amount will be between $95,000.00 and $64,885.00, the highest and lowest before value testified to in the evidence.

"(b) The fair market value of so much of the tract as remains immediately after the taking, considering the completion of the highway project as planned and the prudent maintenance thereof. This amount will be between $59,000.00 and $45,000.00, the highest

1

and lowest after value as testified to in the evidence."

■ In Commonwealth, Department of Highways v. C. S. Brent Seed Company, Ky., 376 S.W.2d 310 (1964), we said that instructions should not state either maximum or minimum limits of recovery in condemnation cases. In Commonwealth, Department of Highways v. Spillman, Ky., 489 S.W.2d 811 (1973), the instructions given were identical to those in this case. We held that it was preferable not to mention the maximum and minimum limits of the before-taking value and after-taking value but affirmed the judgment on the ground that the error in the instructions was not prejudicial because the jury was not confused by the instructions and the value it established was neither the maximum nor minimum mentioned in the instructions.

■ Upon further consideration of the problem, the members of the court are persuaded that it is prejudicial error to include in the instructions in a condemnation case the highest and lowest before and after value fixed by the testimony. To the extent that it held the error not to be prejudicial, Commonwealth, Department of Highways v. Spillman, supra, is overruled.

The judgment is reversed for further proceedings in conformity with this opinion.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, STEINFELD and REED, JJ., sitting.

REED, J., concurs in result in separate concurring opinion.

REED, Justice (concurring).

I agree with the result reached in this case. I further agree that to express in the instructions the amount of the highest and lowest before and after values is improper and invites error and confusion.

I thoroughly disagree, however, that the instruction should not inform the jury of the proper money limits to be taken into account in making an award. In condemnation cases the measure of damage is the difference in the fair market value of the property before and after the taking. Expert witnesses testify in terms of the difference in market value. When the jury is left with no guide in the instructions concerning amounts, error is invited.

The many cases decided by this court dealing with verdicts "outside the range of the evidence" illustrate the problem. See for example Commonwealth, Department of Highways v. Stephens Estate, Ky., 502 S.W.2d 71 (1973).

In my view, the jury should be told in the instructions that they should make an award in the amount they find from the evidence to be the difference in the fair market value before and after the taking. They should be further instructed that this award should not be less than the lowest difference testified to by any of the expert witnesses nor greater than the highest difference testified to by any such expert witnesses. This would eliminate in many instances the necessity of new trials with their attendant time and expense occasioned merely because a jury was not given understandable guidelines in the instructions.

The property owner has a constitutional right to just compensation when an authorized condemnor decides to take his property from him against his wishes. The Constitutions of the United States and of Kentucky guarantee him a jury trial in such an instance. While much has been written concerning the unsatisfactory character of jury trials in such instances, it remains true that a jury trial is constitutionally mandated. I see no reason to draft instructions to a jury in condemnation cas-

es in such a fashion that the issue of damages is treated in a manner completely inconsistent with the way in which the issue is explained to the jury in substantially all other instances.