**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Ransom J. BRUMBACK et al., Appellees.**

Court of Appeals of Kentucky.

April 19, 1974.

Carl T. Miller, Jr., Gen. Counsel, Dept. of Highways, Frankfort, Robert Lee Hall, Dept. of Highways, Covington, for appellant.

Charles E. Carter, Owenton, for appellees.

STEINFELD, Justice.

From a judgment in a condemnation case the Commonwealth appeals, complaining that the instructions were erroneous. They established the maximum and minimum limits the jury could find as the value of the appellees' property before and after some of it was taken. We held in Commonwealth, Department of Highways v. Spillman, Ky., 489 S.W.2d 811, 814 (1973), that this type of instruction should not be given but that the Commonwealth was not prejudiced because " * * * the jury was not confused as the values it determined were neither the maximum nor minimum amounts mentioned in the instructions and were within the range of the values expressed by one of the valuation witnesses." Here, the highest "before-taking" value expressed by any witness and fixed by the instructions was $50,000. In its verdict the jury declared that exact amount as the "before-taking" value.

In Commonwealth, Department of Highways v. Campbell, Ky., 510 S.W.2d 1 (decided April 19, 1974), we overruled Commonwealth, Department of Highways v. Spillman, supra, and held that the instructions in condemnation cases " * * * should not state either maximum or minimum limits of recovery." Our holding in *Campbell* is dispositive of this case.

The judgment is reversed for further proceedings, consistent with this opinion. If there is another trial, the instructions should follow the pattern we approved in such cases as Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302 (1965), and those found in 1 Stanley's Instructions to Juries in Kentucky, Sec. 359a.

We deem it unnecessary to consider the other points claimed for reversal.

All concur, except REED, J., who concurs in result only for the reasons stated in his separate opinion in Commonwealth, Department of Highways v. Campbell, supra.