1103-15

NO. 06-14-00086-CR

ORIGINAL

MARK ANTHONY YOUNG,
PETITIONER

)(    IN THE COURT OF

)(    CRIMINAL APPEALS

V.

)(    OF TEXAS

THE STATE OF TEXAS,
RESPONDENT

)(

)(    APPEAL FROM ANDERS BRIEF,SIXTH DISTRICT

PETITIONER IN CAUSE NO. 06-14-00086-CR FROM THE

354TH JUDICIAL DISTRICT COURT OF HUNT COUNTY,

TEXAS AND THE COURT OF APPEALS FOR THE SIXTH

DISTRICT OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
PETITION FOR DISCRETIONARY REVIEW
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

Abel Acosta, Clerk

ORAL ARGUMENT REQUESTED

## NO. 06-14-00086-CR

| | |
|---|---|
| MARK ANTHONY YOUNG,<br>PETITIONER | )(   IN THE COURT OF |
| | )( |
| | )(   CRIMINAL APPEALS |
| V. | )( |
| | )(   OF TEXAS |
| THE STATE OF TEXAS,<br>RESPONDENT | )( |
| | )( APPEAL FROM ANDERS BRIEF,SIXTH DISTRICT |

### PETITION FOR DISCRETIONARY REVIEW

********************ORAL ARGUMENT REQUESTED*********************

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

GROUND ONE:

DID THE COURT OF APPEALS FOR THE SIXTH APPELLATE DISTRICT
OF TEXAS AT TEXARKANA,ERROR IN DETERMINING THAT THE APPEAL
WAS WHOLLY FRIVOLOUS,WHEN ARGUABLE ISSUES TO SUPPORT AN
APPEAL WAS PRESENTED BY THE APPELLANT AND FOUND IN THE
REPORTER'S RECORD?

GROUND TWO:

DID THE COURT OF APPEAL ERROR IN AFFIRMING THE JUDGMENT
OF THE TRIAL COURT,BASED ON AN INADEQUATELY FILED 'ANDERS
BRIEF' FILED BY APPOINTED APPEAL ATTORNEY?

    MARK ANTHONY YOUNG,Petitioner,petitions the Court to review

the judgment affirming his conviction for aggravated robbery

whith deadly weapon in Cause No. 06-14-00086-CR.

# TABLE OF CONTENTS

COVER                                    PAGE 1

TABLE OF CONTENTS                        PAGE 2

INDEX OF AUTHORITIES                     PAGE 3

STATEMENT REGARDING ORAL ARGUMENT        PAGE 4

STATEMENT OF THE CASE                    PAGE 5

STATEMENT OF PROCEDURAL HISTORY          PAGE 6

GROUNDS FOR REVIEW                       PAGE 6

REASONS FOR REVIEW                       PAGE 6

GROUND ONE                               PAGE 6-14

GROUND TWO                               PAGE 14

PRAYER                                   PAGE 15

APENDIX                                  PAGE

CERTIFICATE OF SERVICE                   PAGE 16

UNSWORN DECLORATION OF INMATE            PAGE 16

**AUTHORITIES**

**FEDERAL CASES:**          <u>PAGE</u>

ANDERS V. CALIFORNIA 386 U.S. 738 (1967)     14

BRADY V. MARYLAND 373 U.S. 83 (1963)     8

HARRERA V. COLLINS 506 U.S. (1993)     11

JACKSON V. VIRGINIA 443 U.S. 307 (1979)     12

MOONEY V. HOLOHAN 294 U.S. 103 (1935)     9

MOORE V. ILLINOIS 408 U.S. 786 (1972)     10

PYLE V. HANSES 317 U.S. 213 (1942)     9

SCHLUP V. DELO 513 U.S. 298 (1995)     11

UNITED STATES V. AGURS 427 U.S. 98 (1976)     10

UNITED STATES V. BAGLEY 473 U.S. 667 (1985)     10

UNITED STATES V. MORRISON 949 U.S. 365 (1981)     10

U.S. V. VARGAS-OCAMPO 747 F.3d 299 (5th Cir.2014)     12

**STATE CASES:**

ARMSTRONG V. STATE WL 359020(Tex.Cr.App.,Jan 27,2010)     8

BONE V. STATE 77 S.W. 3d 828 (Tex.Cr.App.2002)     8

EX PARTE ROBISION,16 S.W. 3d 81 (Tex.Cr.App.)     7

EX PARTE TORRES,943 S.W.2d 469 (Tex.Cr.App.1997)     7

EX PARTE TULLY,109 S.W. 3d 396(Tex,Cr.App. 2007)     11

LOPEZ V. STATE,343 S.W.3d 137 (Tex.Cr.App.1999)     8

REYES V. STATE,489 S.W. 2d 812 (Tex.Cr.App. 1993)     7

TOMAS V. STATE,841 S.W. 2d 399 (Tex.Cr.App. 1992)     10

## STATEMENT REGARDING ORAL ARGUMENT.

Because evidence exist in the recore,that proves someone other than the petitioner committed the crime,and that evidence was withheld by the state an oral argument would be helpful for This Court in their review. Also, the grounds for review set forth in this petition concerns the conflicting opinions of different courts of appeals on the same point of view,and oral argument would be helpful to the Court in distinguishing these authorities and arriving at the approach that is consistent with prior opinions of this Court.

## STATEMENT OF THE CASE

This case is from the 354TH Judicial District Court,in Junt County,Texas.The petitioner was charged with agg. robbery W/DW. During trial Carolina Ali (Store Clerk) testified to 'part' of a surveillance video of the robbery offered by the state,state's exhibit (1) also Reporter's Record Vol.6 page 10 line 13-15. Ms. Ali was the only person in the store during the robbery RR. 6 page 9 line 2,and therefore the only person that could 'identify' the robber. Ms. Ali did not know the name of the person that robbed her,and could not give a positive identification to the police on the day of the robbery RR. 6 page 26 line 12-21. Ms. Ali's testimony,when describing the robber was,"this guy"RR6 page 26 line 10. Four or Five days after the robbery,Ms. Ali was shown a photo line up at the police station and only then

did she claim to know the name and person that robbed her. RR6 page 22 line 6-8. The reason Ms. Ali could pick out the petitioner in the photo line up,was because petitioner was a long time and repeat customer RR 6 page 29 line 2-4.Ms. Ali never told anyone that petitioner robbed her,before she whent to the police station and reviewed the photo lineup,she never claimed she knew petitioner or thought that the pobber was one of her customers. Ms. Ali's memory of petitioner was not because petitioner robbed her.But, because petitioner was a good and long time customer that Mr. Ali gave a credit line to of $25.00 for in store merchandise RR 6 page 51 line 1-4. The surveillance video 'did not show the petitioner committing the robbery' infact had the state played the compleat video for the Court,the video would show that someone other than petitioner committed the robbery. However,the petitioner was convicted by the judge for the offense of Aggravated Robbery With a Deadly Weapon after a plea of Not Guilty,the punishment was assissed by the judge at fifty (50) years confinement in the Texas Department of Criminal Justice Institutional Division.This conviction was affirmed by the Court of Appeals for the Sixth District on June 25,2015.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals accepted an Anders Brief filed by appointed attorney and rendered its decision,affirming petitioner's convict-

ion on June 25,2015. No motion for rehearing was filed by petitioner and the decision of the Court of Appeals became its final ruling. Petitioner has filed for two (2) extensions,the last being granted and the deadline for filing a Petition for Descretionary Review in this case is October 28,2015. This Petition is filed with the clerk,Abel Acosta,to wit on October 26,2015.

GROUNDS FOR REVIEW

1. PETITIONER FILED A PRO SE RESPONSE CLAIMING (1) INEFFECTIVE ASSISTANCE OF COUNSEL,THAT WAS SUPPORTED BY THE RECORD (2) PROSECUTORIAL MISCONDUCT,THAT WAS SUPPORTED BY THE RECORD (3) ACTUAL INNOCENCE,THAT WAS SUPPORTED BY THE RECORD and (4) THAT THE JUDGMENT IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE. BECAUSE A SURVEILLANCE VIDEO OF THE ROBBERY SHOWS SOMEONE OTHER THAN THE APPELLANT COMMITTING THE ROBBERY, DID THE COURT OF APPEALS ERROR IN DETERMINING THAT THE APPEAL WAS WHOLLY FRIVOLOUS?

2. THE ANDERS BRIEF FILED BY APPOINTED APPEAL ATTORNEY WAS INADEQUATELY FILED,BECAUSE GROUNDS WITH MERIT DO EXIST AND COULD HAVE BEEN ARGUED ON DIRECT APPEAL. DID THE COURT OF APPEALS ERROR IN AFFIRMING THE JUDGMENT OF THE TRIAL COURT BASED ON THE INADEQUATELY FILED 'ANDERS BRIEF'?

GROUND ONE:

**********************************
* INEFFECTIVE ASSISTANCE OF COUNSEL*
******************************

Carolina Ali (Ali) was the only person at the store at the time of the robbery,RR 6,page 8. Therefore,the only eye witness the state had against petitioner. Ali did not know the person who robbed her when the police showed up the day of the robbery

---

YOUNG'S    PDR    page 6 of 16

RR 6 page 26 line 12-21. Ali was only able to claim she knew the robber days later,when shown a photo line up at the police station. RR 6 page 22 line 6-8. The state offered a surveillance video from the store on the day of the robbery. The video showed Ali being robbed,how she was robbed and who robbed her. RR 6 page 10-13. However,the state stoped the video before the 'face' of the robber could be shown to the Court. Trial counsel did not object to the stoping of this video,which proves (a) counsel did not investigate the video to it's fulness or (b) was working with the state to coveer up the true identity of the robber.

Texas procedure makes it virtually impossible for appellate counsel to adequately present an ineffective assistance of trial counsel claim on direct review. Robinson,16 S.W. at 81-811. The Texas Court of Criminal Appeals has pointed out the inherent nature of most ineffective assistance of trial counsel claims means that the trial court record will often fail to contain the information necessary to substatiate the claim. Ex Parte Torres, 943 S.W. 2d 469,475 (1997)(en banc). However,in the case at hand petitioner complains of counsels failure to investigate the video in it's fulness. The video was played in part during trial. Appeal counsel could have filed a motion for new trial with the trial court in order to develop the record on appeal. Reyes v. State, 849 S.W. 2d 812,816 (1993). Failure to

investigate can be brought on direct appeal through a motion for new trial. <u>Armstrong v. State</u>, No. AP-75706, 2010 WL 359020 (Tex. Crim.App., Jan. 27,2010). Trial counsel's investigative failures are also a record base claim. The video was presented to the court as an exhibit,appeal counsel could easily have viewed the video that shows someone other than petitioner committing the robbery, and therefore,showing trial counsel was ineffective for not investigating the video to it's fulness. This claim is firmly footed in the record and should have been raised on direct appeal <u>Bone v. State</u>, 77 S.W. 3d 828,836-37(Tex.Crim.App. 2002). And then if needed raised in a collateral proceeding were the record is more developed. <u>Lopez v. State</u>, 343 S.W. 3d 137,143 (Tex.Crim. App. 1999), <u>Ex parte Torres</u>, 943 S.W. 2d 469,475 (1997).

```
**********************
* PROSECUTORIAL MISCONDUCT *
**********************
```

The state had in their possession the surveillance video of the robbery at the convenient store and in that video it shows someone other than the petitioner committing the robbery. However, the state did not show this to the trier of fact,nor did the state bring this to the attention of the defense counsel (State's exhibit 1). The state is required to diclose to the defense any "evidence" favorable to the accused within its possession. see <u>Brady v. Maryland</u>, 373 U.S. 83,83 S.Ct. 1183 (1963). If the state

---

has in their possession exculpatory evidence and does not disclose it to the defense, the state has committed a Brady violation, Brady Supra. For the state to properly disclose the state must "expose to view" the exculpatory evidence. The stae and Ms. Ali reviewed the video in it's entirety and knew that it was not the petitioner that committed the robbery. RR 6 page 9-10. But, the state did not bring it to the Court or the defense's attition. The state claims that they gave the defense a copy of the video and pushes the blame on the defense counsel. However, this fails under Brady, to properly "disclose" exculpatory evidence. The constitutional Rule of the prosecuter at the beginning, it is important to review the states constitutionaly imposed duty to investigate and prosecute cruminal charges with fairness, Due Process obliges the state to disclose exculpatory evidence to one accused of a crime. This obligation originates in the early 20TH centory strictures against misrepuesentation by members of the bar and is most proimently associated with the United State's Supreme Court's decision in Brady v. Maryland, 373 U.S. Supra, (relying on Mooney v. Holohan, 294 U.S. 103,112,55 S.Ct. 340,342, 79 L.Ed791 (1935), and Pyle v. Kansas, 317 U.S. 213,215-216,63 S.Ct. 177,178,87 L.Ed. 214 (1942). Brady held "that the suppression by the prosecution of evidence favarable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad

faith of the prosecution",Id.,373 U.S. at 87,83 S.Ct. at 1196-98; See also, Moore v. Illinois, 408 U.S. 786,794-795,92 S.Ct. 2567-68,33 L.Ed.2d 706 (1972). In United States v. Agurs, 427 U.S. 97,96 S.Ct. 2392,49 L.Ed.2d 342 (1976),it became clear that even a defendant's failure to request favarable evidence did not leave the state free of all obligations to disclose exculpatory evidence. In the case at hand,the state knew the video showed someone other than the petitioner committing the robbery and just because the defense did not ask for that 'specific' part of the video,the state maliciously withheld it from the court and the defense. In United States v. Bagley, 473 U.S. 667,105 S.Ct. 3375,87 L.Ed. 2d 481 (1985),the Supreme Court disvowed any distination between exculpatory and impeachment evidence for Brady purposes,and held that regardless of request,favarable evidence is material,and constitutional error results from it's suppression by the fovernment. See also Thomas v. State, 841 S.W. 2d 399,402 (Tex.Cr.App. 1992). The usual remedy for Due Process violation discovered after trial is reversal of the fraudulently gained conviction and upon retrial deny the state the fruits of its transgression. United States v. Morrison, 449 U.S. 365,101 S.Ct. 665,668,66 L.Ed.2d 564 (1981). Did the state properly "disclose" the video that shows someone other than the petitioner committing the robbery to the defense,if not then did the Court of Appeals error?

```
****************
* ACTUAL INNOCENCE *
****************
```

Petitioner has presented Herrera due process/actual innocence claims. Petitioner is both legally and factually innocent. Under federal constitutional law,holding someone in prison who is innocent is a violation of due process,even if the state acted in good faith and provided an otherwise fair trial. This is called a Herrera claim. See principally Ex parte Tuley, 109 S.W. 3d 396 (Tex.Crim.App. 2007); See also Harrere v. Collins, 506 U.S. 390 (1993) ("In such a case,when a petitioner has been 'tried',with the full panoply of protections that our constitution affords criminal defendant's,505 U.S., at 419 (O'Conner,Jr.,Concurring) 'it is appropriate to apply an 'extraordinarily high'standard of review',id.,at 426 (O'Conner,Jr.,Cucurring).");Schlup v. Delo, 513 U.S. 298,315-16 (1995)(certain internal citations omitted) (The standard of review is that,"the evidence of innocence would have had to be strong enough to make '[the sentence]' constitutionally intolerable' even if his conviction was the product of a fair trial. "Schlup, 513 U.S. at 316 (the sentence was execution in schlup)(citations omitted and certain internal citations ommitted).

```
************************
*LEGALLY SUFFICIENT EVIDENCE *
************************
```

On direct appeal,the standard is whether "after viewing the evidence and all reasonable inferences in the light most favorable

---

to the prosecution,any rational trier of fact could have found the essential elements of the crime byond a reasonable doubt." U.S. v. Vargas-Ocampo, 747 F. 3d 299,301 (%th Cir. 2014)(emphasis in original)(citing Jackson v. Virginia, 443 U.S. 307,319 (1979)). Without conclusive,irrefutable evidence,such as a 'video showing someone else committing the crime,the conviction stands.

There were signigicant problems with the case at hand. The evidence in favor of conviction consisted entirely of accusations by Ms. Ali. Ms. Ali did identife the petitioner in court as the person she thought robbed her.RR6 page 15-16.However,Ali could not identife the petitioner on the day of the robbery,infact all Ali knew was the robber was "black" RR 6 page 25-26. Ms. Ali claims she and her daughter recongnized the petitioner three or four days after the robbery,because petitoner came in to cash a check. RR 6 page 17. However,during trial the state had a copy of the check that showed someone by the name of Mark Briggs, RR 6 page 18,came in to cash that check. Ms. Ali and her husband found two receipts where petitioner had utilized Western Union at the store under the name Mark Young,this bolstered her assertion that she recongnized petitioner as someone who had been in her store before. RR 6 page 19-20. However,Ms. Ali and her husband said petitioner was a long time,reaccuring and good enough customer to give a in store credit line to.RR 6 page 29 & 50-51.

Ms. Ali identified the petitioner in a photo line up days after the robbery.RR 6 page 60-63.However,the photo line up did not have any of Ms. Ali's customers in it other than petitioner.RR 6 page 56. It can be easly concluded that Ali only picked petitioner because she knows him as a good customer. The photo lineup is very suggestive because the polece did not put anyone other than petitioner in the lineup,that was Ali's customer.The prosecution did not reach the goal of legal sufficiency for a conviction. The testimony describes activity that is not a crim.Petitioner was a customer so naturally petitioner would come to the store to "buy beer"RR 6 page 16;"use westeren unio"RR 6 page 19-20;or "cash checks"RR 6 page 37-39.All in all,it is certainly fair to say that some reasonable doubts could have crept into the fact-finder's mind.("A hypothetical that illustrates a proper application of the Jackson v. Virginia, legal-sufficiency standard is robbery-at-a-convenience-store case: 'The store clerk at trial identifies A as the robber. A properly authenticated surveillance videotape of the event clearly shows that B committed the robbery. But,the jury convicts A. It was within the jury's prerogative to belive the convenience store clerk and disregard the video. But based on all the evidence the jury's finding of guilt is not a rational finding.'"). The video was conclusive,irrefutable evidence that proved petitioner did not commit the robbery. The conviction fails because Ms. Ali's testimony is insufficient to prove

---

petitioner committed the robbery when a video shows someone other than the petitioner committing the robbery. While there may have been evidence petitioner was in the store many times before and after the robbery petitioner was deprived of due process because of the failur of proof in the face of the video showing the robbers face and that face not being the petitioner's.


GROUND TWO:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*INADEQUATE ANDERS BRIEF\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In Anders v. California, 386 U.S. 738 (1976) the courts held that "if an Anders Brief raises potentially arguable issues, the reviewing court's duty is to determine whether there are any arguable ground and if there are,to remand to the trial court so that new counsel may be appointed to brief the issues. A court of appeals is not required to review the merits of each claim raised in an Anders Brief.Any issue that is "arguable on the merits" is by difinition,not frivolous. Is a video of the robbery that clearly shows someone other than the petitoner robbing Ms. Ali a frivolous ground that has no merit? If not than the court of appeals were in error in affirming the judgment of the trial court based on a inadequately filed anders brief,filed by appointed appeal attorney.

---

YOUNG'S    PDR    page 14 of 16

## PRAYER FOR RELIEF

The reasons herein alleged, the Petitioner was denied a fair trial in cause No. 06-14-00086_CR. Therefore, Petitioner prays This Court grant this petition, and upon reviewing the judgment entered before, reverse this cause and remand it for a new trial.

RESPECTFULLY SUBMITTED

_Mark Anthony Young_

MARK ANTHONY YOUNG
TDCJ # 1929961
MICHAEL UNIT
2664 FM 2054
TENNESSEE COLONY, TX. 75886

**************************APENDIX********************************



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00086-CR
_____

MARK ANTHONY YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29,236

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After having waived his right to a jury trial, Mark Anthony Young was convicted of the offense of aggravated robbery with a deadly weapon and was sentenced to fifty years' incarceration.

Young's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel provided Young with copies of the brief, the appellate record, and the motion to withdraw. Young exercised his right to file a pro se response, in which he claims (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) actual innocence, and (4) that the judgment is not supported by legally sufficient evidence.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and, taking into consideration Young's points of error, we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. at 738.

We affirm the judgment of the trial court.[1]

Bailey C. Moseley
Justice

Date Submitted:     June 17, 2015
Date Decided:      June 25, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

FILED IN
The Court of Appeals
Sixth District

JUN 2 5 2015

Texarkana, Texas
Debra K. Autrey, Clerk

## CERTIFICATE OF SERVICE

The petitioner hereby certifies that a copy of the foregoing document was filed upon the District Attorney's office of Hunt County on this date by U.S. mail.

EXECUTED ON October 21,2015.

## UNSWORN DECLARATION OF INMATE

I,MARK ANTHONY YOUNG,#1929961,currently incarcerated in the Texas Department of Crimianl Justice at the Michael Unit,in Tennessess Colony,Txas,do solemnly swear under the penalties of perjury that the foregoing Petition for Discretionary Review, is true and correct to the best of my knowledg. I further state that the enclosed information is true and correct.

EXECUTED ON October 21,2015.

RESPECTFULLY SUBMITTED

MARK ANTHONY YOUNG
TDCJ # 1929961

PRO SE PETITIONER

NTHONY YOUNG
1929961
L UNIT
M 2054
SEL COLONEY, TEXAS 75886

LEGAL MAIL
DEADLINE PENDING

ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
P.O. BOX 12308
CAPITOL STATION
AUSTON TEXAS 78711